## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MILBY LAW OFFICE, P.A.,

        *Plaintiff,*

  vs.

        Case No. 15-1055-EFM-KGG

AARON'S INC.,

        *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Milby Law Office, P.A. seeks to recover fees allegedly owed for debt collection services, filing suit against Defendant Aaron's, Inc. under two counts: (1) breach of contract and (2) unjust enrichment/*quantum meruit*. Aaron's has filed a Partial Motion to Dismiss (Doc. 7) for failure to state a claim for breach of contract. Milby's claims it is owed fees for services rendered in pursuit of the recovery of the debts, as well as the full contingency fee according to the contract and prior practice. The motion before the Court alleges that even if there was a contract, it was a contingency contract and Aaron's terminated its relationship with Milby before the contingency occurred. Kansas law precludes recovery for a contingency fee if the attorney was dismissed before the contingency contemplated in the contract occurred. Therefore, this Court agrees that Milby failed to meet the requisite pleading standard, and the Partial Motion to Dismiss count one alleging breach of contract is granted.

## I.     Factual and Procedural Background

Aaron's is a rent-to-own company incorporated in Georgia with stores throughout the United States.  Milby is a law firm with its principle place of business in Kansas.  Milby provided debt collection services to Aaron's for approximately ten years.  These services were paid for on a contingency basis—one-third of "all amounts collected on the client's behalf."[1] According to Milby's list of services provided to Aaron's, it would retain the money from the collected fees before sending the balance to the client.  Milby claims it was Aaron's practice, from time to time, to remove files from Milby and sell the debt to a third party.  On such occasions, Aaron's still paid Milby the full contingency fee as if the file had been fully collected.

In 2013, Aaron's removed all the files assigned to Milby for collection and terminated the relationship it had with Milby.  Milby brought this suit in Sedgwick County, Kansas, for two counts, (1) breach of contract and (2) unjust enrichment/*quantum meruit*, a claim for the reasonable value of services.  It seeks repayment for the services rendered to Aaron's through its attempts to recover the debts in question. Milby also seeks payment of the full contingency fee for all files removed according to the contract and prior course of dealings.  Milby also claims that it reduced at least eleven files to judgment with monies being collected, which entitles it to the contingency fee as well.  Aaron's removed this suit to federal court under diversity jurisdiction.  In March 2015, Aaron's filed a Partial Motion to Dismiss, which is now before the Court.

## II.     Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim where the plaintiff has failed to state a claim upon which relief can be granted.  Upon

---

[1] Exhibit 1, Doc. 1-2, at 7.

such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[2]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[3]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[4]

Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[5]  If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[6]  "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[7]

### III.   Analysis

As a preliminary matter, Milby argues that this Court must consider matters outside the pleadings to decide the motion to dismiss and therefore under Rule 12(d) must transform the

---

[2] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 566 U.S. at 556).

[4] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* FED. R. CIV. P. 8(a)(2).

[5] *Iqbal*, 556 U.S. at 678-79.

[6] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 566 U.S. at 570).

[7] *Ridge at Red Hawk*, 493 F.3d at 1177.

Rule 12(b)(6) motion into one for summary judgment.[8]  If the court is able to decide the issue within the four corners of the pleadings, it may exclude the additional materials and continue to treat the motion as one to dismiss for failure to state a claim.[9]  In this case, dismissal is justifiable without considering outside materials.[10]  Therefore, the Court finds that it is able to decide the issue relying solely on the pleadings and excludes the documents attached to Milby's response.

The question of dismissal is a two-part analysis: (1) whether there was a breach of contract, and (2) whether there were any parts of the contract that survived past termination.  To survive a motion to dismiss for failure to state a claim, all facts taken as true must show a claim that extends beyond the merely plausible.  For the purpose of this motion, Milby's claim that a contract existed will be taken as true.[11]  Milby attached to its petition a document titled "Available Legal Services" as its evidence of a contract.[12]

This Court has held that when a federal court is sitting over a case in diversity jurisdiction, it must apply the "choice of law provisions of the forum state."[13]  Kansas, the forum

---

[8] FED. R. CIV. P. 12(d); *see Prager v. LaFaver*, 180 F.3d 1185, 1188-89 (10th Cir. 1999) (holding that district courts have wide discretion to consider additional documents attached to a Rule 12(b)(6) motion); *Prager v. LaFaver,* 5 F. Supp. 2d 906, 908 (D. Kan. 1998) (excluding documents on the basis that to use them would result in a "potentially unjust or unfair resolution").

[9] *Carter v. Stanton*, 405 U.S. 669, 671 (1972); *Lowe v. Town of Fairland, Okla*, 143 F.3d 1378, 1381 (10th Cir. 1998).

[10] *Gee v. Pacheco*, 627 F.3d 1178, 1187 (10th Cir. 2010) ("[T]he failure to convert a 12(b)(6) motion to one for summary judgment where a court does not exclude outside materials is [not] reversible error [if] the dismissal can be justified without considering the outside materials.") (citation omitted).

[11] Aaron's disputes the existence of a contract, but for the purposes of examining a Rule 12(b)(6) motion, all facts stated in the pleadings will be taken as true. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570.

[12] Exhibit B, Doc. 1-2, at 7.

[13] *Philippine American Life Ins. v Raytheon Aircraft Co.*, 252 F. Supp. 2d 1138, 1142 (D. Kan. 2003) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496 (1941)).

state here, applies the law of the place of contracting, or where the contract was made.[14]   A contract is "made where the last act necessary for its formation occurs."[15] Neither party disputes the alleged contract was formed in Kansas, therefore Kansas law governs the question of breach of contract.

## A.  Breach of Contract

Aaron's filed a Partial Motion to Dismiss for count one of Milby's suit.  Aaron's argues that even if there was a contract, it was a contingency fee contract.  Due to the nature of these contracts, when the relationship is terminated without the contingency occurring, the contract is void.  The motion to dismiss argues that Kansas law prevents attorneys from recovering the fee itself under contingency fee contracts if the contingency has not become a reality.[16]  Aaron's also claims that Milby has not alleged that the terms of the contract were meant to "extend beyond or survive termination of the attorney-client relationship."[17]

Kansas Rule of Professional Responsibility 226(1.5)(d) requires that a contingency fee agreement "shall be in writing and shall state the method by which the fee is to be determined."[18] This Court has held that Kansas law states that when "an attorney engaged pursuant to a contingency fee contract is discharged prior to the designated contingency, the attorney cannot

---

[14] *Novack v. Mutual of Omaha Ins. Co.*, 28 P.3d 1033, 1038 (Kan. App. 2001).

[15] *Id.*; *see also Wilkinson v. Shoney's, Inc.,* 4 P.3d 1149, 1160 (Kan. 2000).

[16] *Madison v. Goodyear Tire and Rubber Co.,* 663 P.2d 663, 666 (Kan. App. 1983).

[17] Defendant's Partial Motion to Dismiss, Doc. 7, at 1.

[18] KAN. SUP. CT. R. 226(1.5)(d).

recover on the basis of the contingency, but may, by *quantum meruit*, recover the reasonable value of his services."[19]

A plaintiff moved for summary judgment against her lawyers in a similar case, claiming that a contingency fee contract was terminated before the contingency occurred.[20]  The Court found that there was enough evidence to grant the requested summary judgment.[21]  It held that "upon the termination of the relationship prior to obtaining a favorable result, the recovery available to [the attorney] is limited to *quantum meruit*."[22]

In *Madison v. Goodyear Tire and Rubber Co.,* the Kansas Court of Appeals held that the rule allowing an attorney to recover in full under a contingency fee contract without the occurrence of the contingency "is not supported by logic or reason; nor is it mandated by legal precedent."[23]  This Court held that when an "attorney is discharged prior to the accomplishment of the task designated in the contract, the attorney's recovery cannot be measured by the contract, but rather must be determined on the basis of what services actually performed were reasonably worth."[24]

---

[19] *Sutton v. Subaru of America, Inc.*, 771 F. Supp. 321, 323 (D. Kan. 1991) (quoting *Madison*, 663 P.2d at 666).

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Madison*, 663 P.2d at 666.

[24] *Sutton*, 771 F. Supp. at 323.

Milby claims that eleven of the files Aaron's removed had been reduced to judgment with monies being collected, which it says should trigger payment of the contingency fee.[25]   In support of this proposition, Milby cites *Bryant v. El Dorado National Bank*, which awarded the contingency fee to the attorney after he was discharged.[26]   This case is distinguished by *Madison*, which held that in *Bryant* the "operative contingency had occurred prior to the discharge of the attorney. In such a situation, full recovery as per the contingency fee arrangement is logical and justified."[27]   The Court in *Madison* held that in cases where the "contingency has not been realized prior to the attorney's discharge" recovery under *quantum meruit* is appropriate.[28]

While reducing a case to judgment makes the recovery more secure, Kansas has consistently held that unless the contingency occurred, a lawyer generally "may not recover compensation on the basis of the contract."[29]   Reducing the case to judgment may have an effect on the calculation of reasonable fees under a theory of unjust enrichment or *quantum meruit*. The language of the alleged contract between Milby and Aaron's describes the contingency used to calculate the fee dependent on the recovery of the debt due to the client, and not simply reducing the files to judgment.[30]   No debts were fully collected, the contingency did not occur, and there is no breach of contract.

---

[25] To the extent some monies were collected, Milby may argue for recovery under *quantum meruit*. If any cases were fully collected, it may argue that the Court should award fees comparable to those allowed by the contractual agreement.

[26] *Bryant v. El Dorado Nat'l Bank*, 370 P.2d 85, 88-89 (Kan. 1962).

[27] *Madison*, 663 P.2d at 666.

[28] *Id.*

[29] *Shamberg, Johnson & Bergman, Chtd. v. Oliver*, 220 P.3d 333, 341 (Kan. 2009).

[30] Exhibit 1, Doc. 1-2, at 7.

### B.  Practices Surviving Termination

The second issue touches on the question of whether the prior practice of Aaron's during its relationship with Milby survives beyond termination of the relationship.  Milby alleges that due to the prior practice of Aaron's paying the contingency fee after it removed a case from Milby, Aaron's owes the full contingency fee on all cases removed.  The only contract presented to the court contemplates the contingency fee as one-third of any debts collected as well as time spent in court and other costs incurred.[31]   The agreement does not mention an additional requirement that Aaron's will pay the full fee on any file removed, or that it will pay the full contingency fee when it terminates relations with Milby.

 The Kansas Court of Appeals recently held that without contractual terms dealing with termination of the contract, "a client must compensate the terminated lawyer based on equitable principles of *quantum meruit* or unjust enrichment."[32]   In that case, an attorney was discharged before the occurrence of the contemplated contingency on a contingency fee contract.[33]   There were no provisions in his contract addressing terms of payment in case of termination.[34]   The attorney was still owed compensation for legal services due to the contractual relationship that did exist, but the Court held that these benefits should be calculated based on the reasonable

---

[31] Exhibit 1, Doc. 1-2, at 7. The document entitled Available Legal Services provides "If a judgment is obtained, you will be reimbursed for all costs out of the first amounts collected. After you are reimbursed, our office will retain all attorney's fees awarded by the court and 1/3 of all amounts collected on client's behalf." *Id.*

[32] *Consolver v. Hotze*, 346 P.3d 1094, 1097 (Kan. Ct. App. 2015) (citing *Shamberg,* 220 P.3d at 341; *Madison*, 663 P.2d at 666-67). The Court held that a contingency fee gives the attorney an award above the market value of the case, due to the high risk often involved when these fees are used. *Id.* at 1098. If Milby was awarded its contingency fee without the contingency occurring, then the high-risk aspect of the contingency fee would be eroded.

[33] *Id.* at 1097.

[34] *Id.*

value of the services rendered to the client.[35]   According to the alleged contract submitted by Milby, there are no terms describing what should happen on termination.   Neither has Milby attempted to say that there was any written contract for full payment of the contingency fee without the occurrence of the contingency.

The Supreme Court has held that contingency fees are inherently a gamble, "cases that turn out to be successful pay for the time [the attorney] gambled on those that did not."[36]   Without a contractual agreement specifying payment on termination, Milby is confined to reasonable recovery based on unjust enrichment and *quantum meruit*.

For these reasons, Milby has not alleged sufficient facts to state a claim upon which relief can be granted.   Therefore, count one of Milby's suit alleging breach of contract is dismissed, and Aaron's partial motion to dismiss is granted.   Count two remains for further proceedings.

**IT IS THEREFORE ORDERED** that Aaron's, Inc.'s Partial Motion to Dismiss (Doc. 7) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 30th day of July, 2015.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[35] *Id.*

[36] *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992).

-9-